CAUSE NO. 13-15-00028-CR    *1077-15*

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ROBERT NUNEZ, JR.,
APPELLANT,

VS.

THE STATE OF TEXAS
APPELLE.

RECEIVED IN
COURT OF CRIMINAL ......

AUG 19 2015

Abel Acosta, Cle

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

IN APPEAL NO. 13-15-00028-CR
FROM THE
COURT OF APPEALS
IN THE
THIRTEENTH SUPREME JUDICAL DISTRICT
OF TEXAS
AT
CORPUS CHRISTI

ROBERT NUNEZ, JR.,
T.D.C.J. # 01964668
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TX. 77705-7635

# TABLE OF CONTENTS

| | PG |
|---|---|
| STATEMENT REGARDING ORAL ARGUMENT | 1 |
| STATEMENT OF THE CASE | 2 |
| STATEMENT OF PROCEDURAL HISTORY | 3 |
| GROUNDS FOR REVIEW | 4 |
| ARGUMENT NUMBER ONE AND TWO | 5 |
| PRAYER FOR RELIEF | 6 |
| CERTIFICATE OF SERVICE | 6 |

CAUSE NO. 13-15-00028-CR

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ROBERT NUNEZ, JR.,
APPELLANT,
VS.
THE STATE OF TEXAS
APPELLE.

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:
ROBERT NUNEZ, JR., APPELLANT, RESPECTFULLY SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW AND MOVES THAT THIS HONORABLE COURT GRANT REVIEW OF THIS CAUSE AND OFFERS THE FOLLOWING IN SUPPORT THEREOF:

STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT, ROBERT NUNEZ, JR., REQUESTS ORAL ARGUMENT IN THIS CASE BECAUSE SUCH ARGUMENT MAY ASSIST THE COURT IN APPLYING THE FACTS TO THE ISSUES NEEDED TO BE RAISED. IT IS SUGGESTED THAT ORAL ARGUMENT MAY HELP SIMPLIFY THE FACTS AND CLARIFY THE ISSUES.

1

## STATEMENT OF THE CASE

ON SEPTEMBER 13, 2012, APPELLANT, WAS INDICTED ON TWO COUNTS, BOTH ALLEGING THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD (CR 6). ON JULY 17, 2013, APPELLANT PLEADED GUILTY TO COUNT 2 OF THE INDICTMENT (RR 2, 4). THE COURT THEN TOOK THE PLEA AGREEMENT UNDER ADVISEMENT AND RESET THE CASE FOR SEPTEMBER 16, 2013. AT THAT TIME, AS APPELLANT NEEDED TO MAKE ARRANGMENTS FOR DIFFERENT HOUSING, THE CASE WAS RESET UNTIL OCTOBER 15, 2013 (RR 3, 5). ON OCTOBER 15, 2013, JUDGE ROBERT C. CHESHIRE FORMALLY SENTENCED APPELLANT TO 10 YEARS OF DEFERRED PROBATION, A FINE AND COSTS, PLUS SEX OFFENDER CONDITIONS (RR 3, 7).

THEREFORE, ON DECEMBER 6, 2013, THE STATE FILED A MOTION TO ADJUDICATE GUILT (CR 30-31). ON OCTOBER 17, 2014, A HEARING WAS HELD ON THE MOTION TO ADJUDICATE GUILT. AT THAT TIME, APPELLANT PLEADED TRUE TO THE ALLEGATIONS CONTAINED IN THE MOTION TO ADJUDICATE GUILT, AND APPELLANT'S ATTORNEY PUT ON EVIDENCE AS TO MITIGATION (RR 4, 10-35). UPON THE CLOSE OF EVIDENCE, JUDGE CHESHIRE SENTENCED APPELLANT TO 50 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ALONG WITH A FINE AND COURT COSTS (RR 4, 40). ON OCTOBER 29, 2014, APPELLANT'S COUNSEL FILED A MOTION FOR NEW TRIAL, WHICH WAS DENIED BY OPERATION OF LAW (CR 56-60). APPELLANT TIMELY FILED NOTICE OF APPEAL JANUARY 12, 2015 (CR 62-63).

# STATEMENT OF PROCEDURAL HISTORY

IN CAUSE NO. 13-15-00028-CR THE APPELLANT, ROBERT NUNEZ, JR., WAS CHARGED WITH THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD. THE APPELLANT ON OCTOBER 17, 2014 PLEADED TRUE TO THE ALLEGATIONS CONTAINED IN THE MOTION TO ADJUDICATE GUILT. APPELLANT'S ATTORNEY PUT ON EVIDENCE AS TO MITIGATION. UPON THE CLOSE OF EVIDENCE, JUDGE CHESHIRE SENTENCED APPELLANT. ON MAY 30, 2015, APPELLANT APPEALED SENTENCED. ON JULY 16, 2015, THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT CORPUS CHRISTI AFFIRMED THE CONVICTION AND SENTENCED. NO MOTION FOR REHEARING WAS FILED. ON AUGUST, 17, 2015. THIS PETITION FOR DISCRETIONARY REVIEW WAS TIMELY FORWARD TO THE COURT OF APPEALS FOR FILING PURSUANT TO RULE 9.2 (b), TEXAS RULES OF APPELLATE PROCEDURE.

# GROUNDS FOR REVIEW

GROUND ONE: WHETHER APPEAL ATTORNEY WAS CORRECT IN FILING AN ANDER'S BRIEF.

GROUND TWO: WHETHER APPEAL ATTORNEY WAS CORRECT IN NOT FINDING ANY ERRORS IN THIS CASE.

# ARGUMENT NUMBER ONE AND TWO

ROBERT NUNEZ, JR., WAS CHARGED IN COUNT OF THE INDICTMENT OF THE OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD. WHETHER APPEAL ATTORNEY WAS CORRECT IN FILING AN ANDER'S BRIFE. WHETHER APPEAL ATTORNEY WAS CORRECT IN NOT FINDING ANY ERRORS IN THIS CASE.

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminals Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully Submitted,

_[signature]_

Robert Nunez, Jr.
T.D.C.J. # 01964668
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705-7635

## CERTIFICATE OF SERVICE

The undersigned Robert Nunez, Jr., appellant, hereby certifies that a true and correct copy of the foregoing petition for discretionary review has been mailed, U.S. mail, postage prepaid, to the office of the district attorney Steven Tyler, Victoria County, 205 N. Bridge Street, Victoria, Texas, 77901, and mailed via U.S. mail, to the office of the state prosecuting attorney, P.O. Box 12405, Capitol Station, Austin, Texas, 78711, on this _____, day of August, 2015.

_[signature]_

Robert Nunez, Jr., Pro Se



# NUMBERS 13-15-00028-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT NUNEZ JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 24th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes

Appellant, Robert Nunez Jr., was convicted of aggravated sexual assault, a first degree felony and sentenced to fifty years in the Texas Department of Criminal Justice Institution Division. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (2)(B) (West, Westlaw through Ch. 46 2015 R.S.). Appellant's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant with copies of both pleadings; (3) informed the appellant of appellant's rights to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a form motion for pro se

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

2

access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-19, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. No pro se brief was filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We reviewed the entire record and counsel's brief, and found nothing that would arguably support an appeal. *See id.* at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

3

## III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

ROBERT NUNEZ JR. # 01964668
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TX. 77705-7635

LEGAL MAIL

COURT OF CRIMINAL
P.O. BOX 12308,
AUSTIN, TEXAS